United States District Court
Middle District of Florida
Jacksonville Division

**ELIZABETH MARY STRANGE-GAINES,**

    *Plaintiff,*

v.                                                       **NO. 3:20-cv-56-J-34PDB**

**CITY OF JACKSONVILLE, LABOR DIVISION, ETC.,**

    *Defendants.*

# Order

The Court conducted a telephone conference on November 23, 2020. Doc. 46. Based on the discussions on the record, the Court orders the following actions.

1. The order to show cause, Doc. 38, is **discharged**.

2. The amended motion to compel, Doc. 32, is **denied without prejudice**.

3. The case management and scheduling order, Doc. 22, is **vacated**.

4. The defendants' motion to dismiss, Doc. 24, is **granted** to the extent the plaintiff must file an amended complaint that comports with the pleading standards, set forth below.

5. The plaintiff must file the amended complaint by **December 21, 2020**. The defendants must respond to the amended complaint by **January 15, 2021**.

6. The plaintiff's motion for summary judgment, Doc. 26, is **denied without prejudice** as premature.

7. To set new case management deadlines and dates, including a day to conduct a mediation or settlement conference, the undersigned will conduct a preliminary pretrial telephone conference on **January 25, 2021, at 10:00 a.m**. Participants should call (888) 684-8852 at least five minutes before the start time. The access

    code is 1103539; the security code is 0004. In the meantime, the parties must not conduct discovery.

8. The plaintiff must sign each filing, must include a memorandum of law and a certificate under Local Rule 3.01(g) within each motion she files (except a motion for injunctive relief, for judgment on the pleadings, or for summary judgment), must double-space, must include in motions and responses only facts and arguments pertinent to the issue raised by the motion, and must otherwise follow the Federal Rules of Civil Procedure and the Local Rules.

## Pleading Standards

A complaint must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And if "doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

The United States Supreme Court explained the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id*. The rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at

678 (quoted authority omitted). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

When applying the plausibility standard, a court should undertake a "two-pronged approach." *Id.* First, the court should identify and disregard legal conclusions not entitled to the assumption of truth. *Id.* Second, the court should identify and assume the truth of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* An example of a legal conclusion is, "the defendant was negligent." An example of a factual allegation is, "the defendant was driving 90 m.p.h. on a road with a speed limit of 45 m.p.h."

The pleading standard should not be confused with the evidentiary standard; detailing all evidence in a pleading or attaching evidence to a pleading could run afoul of the "short and plain statement" requirement. Presenting arguments and all evidence in a complaint is improper.

A complaint must clearly identify each claim, the person against whom the claim is brought, and the factual allegations that support the claim. The complaint may not be a "shotgun" pleading. The Eleventh Circuit has explained:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rest." *Id.* at 1323.

### Legal Information Program

The Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. Due to the Coronavirus pandemic, the program is being held by telephone. **The plaintiff may contact the Clerk's Office at (904) 549-1900 to schedule an appointment.**

### Revised Local Rules to Take Effect in 2021

The Court's revised Local Rules take effect on January 1, 2021, and are on the Court's website: https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-order-adopting-flmd-local-rules-eff.-january-1-2021-8-20-mc-100-t-23.pdf.

**Ordered** in Jacksonville, Florida on December 4, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

5

c: Counsel of Record

    Elizabeth Mary Strange-Gaines
    1313 Sydney Place
    Jacksonville, FL 32205