United States District Court
Middle District of Florida
Jacksonville Division

**ELIZABETH MARY STRANGE-GAINES,**

    *Plaintiff,*

v.   NO. **3:20-cv-56-J-34PDB**

**CITY OF JACKSONVILLE, LABOR DIVISION, ETC.,**

    *Defendants.*

_____

# Order

The Court conducted a preliminary pretrial telephone conference on January 25, 2021. As explained, the amended complaint, Doc. 48, is an impermissible shotgun pleading and otherwise fails to comport with the pleading standards. Based on discussions at the conference, the Court orders the following actions.

1. The defendants' motion to dismiss, Doc. 49, is **denied without prejudice**.

2. The plaintiff must file a second amended complaint that comports with the pleading standards in the order signed on December 4, 2020, Doc. 47, and described below.

3. The plaintiff must file the second amended complaint by **February 16, 2021**. The defendants must respond to the second amended complaint by **March 2, 2021**.

4. The undersigned will conduct a preliminary pretrial telephone conference on **March 2, 2021, at 10:00 a.m**. Participants should call (888) 684-8852 at least five minutes before the start time. The access code is 1103539; the security code is 0004.

> 5. In the meantime, the case is **stayed**. The clerk is **directed** to administratively close the case during the pendency of the stay.

## Pleading Standards

A complaint must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"; and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Also:

> (1) "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).
>
> (2) A party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).
>
> (3) If "doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).
>
> (4) Any matter in a complaint that is "redundant, immaterial, impertinent, or scandalous" is subject to being stricken. Fed. R. Civ. P. 12(f).

The United States Supreme Court explained the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The pleading standard does not require detailed factual allegations but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Labels, conclusions, formulaic recitations of the elements, and "naked" assertions are insufficient. *Id.* The rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 678 (quoted authority omitted). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

When applying the plausibility standard, a court should undertake a "two-pronged approach." *Id.* First, the court should identify and disregard legal conclusions not entitled to the assumption of truth. *Id.* Second, the court should identify and assume the truth of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* An example of a legal conclusion is, "the defendant was negligent." An example of a factual allegation is, "the defendant was driving 90 m.p.h. on a road with a speed limit of 45 m.p.h."

The pleading standard should not be confused with the evidentiary standard; detailing all evidence in a pleading or attaching evidence to a pleading could run afoul of the "short and plain statement" requirement. Presenting arguments and all evidence in a complaint generally is improper.

A complaint must clearly identify each claim, the person against whom the claim is brought, and the factual allegations that support that claim against that person. A complaint may not be a "shotgun" pleading. The Eleventh Circuit has explained:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rest." *Id.* at 1323.

Before filing the new complaint, Ms. Strange-Gaines should ask herself:

(1) Does the new complaint include a short and plain statement of each claim showing I am entitled to relief?

(2) Does the new complaint include a demand for the relief sought?

(3) Is each allegation in the new complaint simple, concise, and direct?

(4) Is each claim in the new complaint in a numbered paragraph, limited as far as practicable to a single set of circumstances?

(5) Is each claim in the new complaint founded on a separate transaction or occurrence stated in a separate count?

(6) Have I deleted from the new complaint any matter that is redundant?

(7) Have I deleted from the new complaint any matter that is immaterial?

(8) Have I deleted from the new complaint any matter that is impertinent?

(9) Have I deleted from the new complaint any matter that is scandalous?

(10) Does the new complaint include sufficient factual allegations—as opposed to conclusory statements—to state a plausible claim entitling me to relief?

(11) Does the new complaint clearly identify each claim, the person or entity against whom that claim is brought, and the factual allegations supporting that claim?

(12) Is the new complaint an impermissible shotgun pleading because it contains multiple counts and each count adopts the allegations of all preceding counts?

(13) Is the new complaint an impermissible shotgun pleading because it is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action?

(14) Is the new complaint an impermissible shotgun pleading because it fails to separate into a different count each claim for relief?

(15) Is the new complaint an impermissible shotgun pleading because it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against?

(16) Is the new complaint an impermissible shotgun pleading because it otherwise fails to give each defendant adequate notice of the claim or claims against it and the grounds on which each claim rests?

## Legal Information Program

The Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 11:00 a.m. to 12:30 p.m. Due to the coronavirus pandemic, the program is being held by telephone. **The plaintiff is strongly encouraged to contact the Clerk's Office at (904) 549-1900 to schedule an appointment**.

**Ordered** in Jacksonville, Florida on January 26, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of Record

Elizabeth Mary Strange-Gaines
1313 Sydney Place
Jacksonville, FL 32205